LECHE, J.
This appeal was taken by plaintiff from a decree rejecting her 'demand against defendant for damages. Plaintiff was injuréd by coming in contact with the rear wheel of a trailer attached to a lumber truck belonging to defendant, and driven by his servant and employee. The accident happened in daytime at the corner of Dryades and Polymina streets in the city of New Orleans, and, from our appreciation of the evidence, in the following manner:
Dryades street runs parallel with the Mississippi river, and upon a neutral ground in the center of that street are two street car tracks. The track nearer the river is used for the downtown traffic and the other for uptown traffic. Plaintiff was standing at the downtown riverside corner of Polymina and Dryades streets in conversation with Hyínan Rothstein, a feeble and elderly gentleman acquaintance, when she saw a street car on Dryades street approaching the intersection of Polymina on its trip downtown towards Canal street. She wished to take passage on the street car, and with her back towards the street car track she shook hands *426 and bid farewell to the old gentleman, and at once stepped over the curbing and started across Dryades street to enter the street car just below the intersection of Polymina street at its regular stopping place. When about half way across the street she came in contact with the right rear wheel of a trailer attached to a truck. S,he suffered injury to her right foot, to her nose, and suffered a severe nervous shock. The truck had come out of Polymina street, and .had turned to the right around the corner on its way downtown on Dryades. The whole equipage was 26 feet in length. The body and. wheels of the truck had cleared the pathway taken by plaintiff, and she collided with the right rear wheel of the trailer something over 20 feet away from and behind the front end of the truck.
Our conclusion from (these facts is that the plaintiff herself was guilty of negligence. She was at the time 51 years of age, apparently in the full possession of her physical and mental faculties. Even if we concede that defendant’s servant was also guilty of negligence, plaintiff evidently failed to use her senses of observation before attempting to cross the street, and it was more within her power than that of the chauffeur of defendant to avail herself of the last clear chance to avoid' thd- accident by stepping back and out of the way of the trailer.
When the truck was turning the corner it was physically impossible for the back wheels of the trailer to track precisely behind the front wheels of the truck, as the circle traveled by the trailer was smaller possibly by 2 or 3 feet than that traveled by the truck, and plaintiff stood too near the wheels of the truck when they passed by her. Whether she made an error of judgment or whether she was entirely oblivious of her position'it is difficult to say. In argument we are reminded that’ no sane person would deliberately cross the curbing and walk into a passing’ vehicle of this kind. That is sound and logical reasoning, but the argument assumes that such an act is done deliberately, while in point of fact plaintiff must have acted entirely without deliberation. Her mind was evidently absorbed with the idea that she had to get on tie street car, and, witfy. her eyes riveted on that street car, she failed to observe.the approach of the truck most visible by its size and most audible from the noise which such a vehicle, used for the transportation of lumber, was bound to make when it turned the corner.
The judgment appealed from is.sustained by the evidence in the record and the law applicable thereto; it should be affirmed, and
It is so ordered.